USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1828 CALVIN F. TATE, Plaintiff, Appellant, v. LARRY E. DUBOIS, ELEEN ELIAS AND IAN TINK, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Calvin F. Tate on brief pro se. ______________ Scott Harshbarger, Attorney General, and Gregory I Massing, __________________ ___________________ Assistant Attorney General, on brief for appellees, Eleen Elias and Ian Tink. Nancy Ankers White, Special Assistant Attorney General, and ____________________ Daniel A. Less, Counsel, Department of Correction, on brief for ________________ appellee, Larry E. DuBois. ____________________ March 8, 1996 ____________________ Per Curiam. Plaintiff-appellant, who was committed __________ in 1983 to the Bridgewater, Massachusetts Treatment Center for the Sexually Dangerous, appeals the dismissal of his civil rights complaint under 42 U.S.C. 1983 as barred by the statute of limitations. The district court fairly construed the complaint as seeking damages for appellant's transfer, in 1990, to M.C.I., Cedar Junction where allegedly he was held without treatment for more than a year, in violation of state law governing the indeterminate commitment of sexually dangerous persons under Mass. Gen. L. ch. 123A. Correctly applying federal law standards, the court determined that the alleged cause of action accrued at the latest on September 25, 1991, when the state court declared the transfer improper and ordered plaintiff's return to Bridgewater. Appellant's continued incarceration at M.C.I., Cedar Junction for a period of time after the accrual date did not trigger a new limitations period because in fact appellant had requested or approved the stay of his return to Bridgewater while he petitioned for release on the ground that he was "no longer sexually dangerous." Thus, the court properly held this complaint barred by the borrowed state limitations period of three years for the commencement of an action sounding in tort under 42 U.S.C. 1983. Plaintiff argues on appeal that his suit was timely commenced by his earlier filing in the district court of a -2- petition for a writ of habeas corpus, which he describes as "identical" to the instant complaint.1 We have compared 1 plaintiff's pending petition for habeas relief with the complaint in this action. Without attempting a precise characterization of his allegations, we conclude that the pleadings are significantly different from one another. In the habeas petition plaintiff seeks release from his current imprisonment at the Bridgewater treatment center. The thrust of his civil rights complaint, as we have said, is a quest for damages for the period during which he was incarcerated without treatment at M.C.I., Cedar Junction. Although the civil rights complaint also contains a demand for immediate release, it was properly dismissed without prejudice since habeas corpus is the exclusive remedy for a state prisoner seeking release from his current confinement. See Heck v. ___ ____ Humphrey, 114 S.Ct. 2364, 2369 (1994). Any implied claim for ________ damages based on the alleged invalidity of the current confinement also was properly dismissed, as premature. Id. ___ at 2373. The district court's observations in footnote one  ____________________ 1 The habeas proceeding was closed in November, 1994, 1 apparently due to a clerical error. It was reopened on plaintiff's motion during the pendency of this appeal. See ___ Tate v. Commonwealth, No. 94-cv-10716, (D. Mass. Oct. 13, ____ ____________ 1995) (endorsed order). Although plaintiff represented to the district court that he would withdraw this appeal if his habeas case was reopened, he has not sought to dismiss this appeal. -3- of its memorandum order do not require a different conclusion. Affirmed. ________ -4-